IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
Western Division

IAN WILLIAMS,

**Plaintiff,**

v.                                                            **Case No. 2:25-cv-02602-MSN-cgc**

TRANSUNION LLC,

**Defendant.**

---

## REPORT AND RECOMMENDATION

---

Before the Court, by way of Administrative Order 2013-05,[1] are Plaintiff Ian Williams' Motion to Remand the matter to state court filed on June 18, 2025, Defendant Transunion LLC's June 19, 2025 Motion to Dismiss and Plaintiff's September 23, 2025 Motion for Leave to File Amended Complaint (Docket Entry (D.E. # 7 , 9 and 19)  Plaintiff filed his response in opposition to the motion to dismiss on June 25, 2025 and Defendant filed its response in opposition to the motion to remand on July 2, 2025 and in opposition to the motion to amend the complaint on October 5, 2025[2].  (D.E. # 10, 11 and 20) For the reasons stated below, it is RECOMMENDED that Plaintiff's motion to remand be DENIED, Defendant's motion to dismiss be DENIED and Plaintiff's motion to amend be GRANTED.

### I.    Motion to Remand (D.E. # 7)

On April 28, 2025, Plaintiff filed a *pro se* Complaint in the General Sessions Court of Shelby County, Tennessee against Defendant alleging Fair Credit Reporting Act ("FCRA"), 15

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

[2] Without leave of court as required by Local Rule 7.2(c), Plaintiff filed a reply to Defendant's motion for leave to file amended complaint.  (D.E. # 21).  This document will not be considered for purposes of evaluating the motion.

U.S.C. § 1681, *et seq.* violations.  (D.E.) #1-2).  On June 13, 2025, Defendant filed its notice of removal pursuant to 28 U.S.C. § 1441(a).  (D.E. # 1)

Plaintiff filed the instant motion alleging that "[c]ourts have routinely held that claims under the FCRA do not necessarily raise substantial federal questions warranting federal jurisdiction – particularly when the relief sought is limited and straightforward." (D.E. # 7, PageID 15)  To support his argument, Plaintiff relies on *Austin v. Life Insurance Co. of Georgia*, 2:03-cv-02710 JPM, for the proposition that where "claims did not raise complex of novel issues of federal law, and the monetary relief was limited in scope, remand to state court was proper." (D.E. # 7, PageID 16)   Defendant responds in opposition arguing that the removal is proper because the complaint "expressly pleads a federal question" and "the Court has original subject matter jurisdiction over claims arising under the federal Fair Credit Reporting Act" (D.E. # 12, PageID 40)

Removal of a civil case from state court to federal court is governed by 28 U.S.C. § 1441. The requirement for removal is that the action must be one of which "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a)  Federal district courts have jurisdiction over a number of types of cases including, but not limited to, cases that "arise under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331   The procedure for removing a civil action requires the removing party to file

> "in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

28 U.S.C. § 1446 (a)

The notice of removal must be filed within 30 days of receipt of the initial pleading by the defendant. 28 U.S.C. § 1446 (b)(1)  The removing party must give written notice to all adverse parties and shall file a copy of the notice with the clerk of the State court.  28 U.S.C. § 1446(d) Plaintiff's complaint alleges a violation of a federal statute therefore the claim arises under the laws of the United States.  Plaintiff does not allege or raise as an issue in his motion or memorandum that is a defect in the execution of any of these requirements.

Because it appears from the record that Defendant satisfied all of the statutory requirements for removal, it is RECOMMENDED that the motion to remand be DENIED.


**II.    Motion to Dismiss (D.E. # 9) and Motion to Amend (D.E. # 19)**

Defendant's motion to dismiss argues that the complaint "does not identify with specificity what, if anything, Trans Union has done wrong" and therefore should be dismiss pursuant to Fed. R. Civ. P.  12(b)(6) for failure to state a claim for which relief can be granted.   (D.E. # 9, PageID 26)  Plaintiff responds with a motion to file an amended complaint to which Defendant argues that it would be futile to grant because the new allegations are vague.  (D.E. # 20, PageID 80)

Rule 15(a)(1)(B) permits a party to amend its pleading once as a matter of course no later than 21 days after service of a motion under Rule 12(b).  Here, Plaintiff has filed his motion to amend 24 days after service of Defendant's motion to dismiss pursuant to Rule 12(b).  It is RECOMMENDED that Plaintiff be permitted to file his amended complaint and that Defendant's motion to dismiss be denied as moot.

**SIGNED** this 25th day of February, 2026.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**