**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**IAN WILLIAMS,**

        **Plaintiff,**

**v.**                                           **Case 2:25-cv-02602-MSN-cgc**

**TRANS UNION LLC,**

        **Defendant.**

---

**REPORT AND RECOMMENDATION ON TRANS UNION LLC'S MOTION TO
DISMISS PLAINTIFF'S AMENDED COMPLAINT**

---

Before the Court is Defendant Trans Union LLC's ("Trans Union") Motion to Dismiss Plaintiff's Amended Complaint. (Docket Entry ("D.E.") #25). Pursuant to Administrative Order 2013-05, the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Trans Union's Motion to Dismiss Plaintiff's Amended Complaint be GRANTED.

## I.    Background

Plaintiff initiated this case *pro se* by Notice of Service and Civil Warrant filed in the General Sessions Court of Shelby County, Tennessee. (D.E. #1-1, #1-2). On June 13, 2025, Trans Union removed the case to this Court pursuant to 28 United States Code Sections 1331, 1441, and 1446. (D.E. #1).

On September 23, 2025, Plaintiff filed a Motion for Leave to File Amended Complaint (D.E. #19), to which he attached a proposed amended complaint (D.E. #19-1). The Magistrate

Judge recommended that leave to amend be granted (D.E. #22), which the District Court adopted on March 18, 2026 (D.E. #24). The District Court deemed Plaintiff's proposed amended complaint (D.E. #19-1) to be filed as of the date of its order.

Plaintiff's Amended Complaint brings claims under the Fair Credit Reporting Act, 15 United States Code Section 1981, *et seq.* ("FCRA"). (Am. Compl. ¶ 1). Plaintiff alleges that Defendant "failed to conduct lawful reinvestigations of his disputes, failed to provide required reinvestigation results, and reported inaccurate and/or unverifiable information in violation of the FCRA." (*Id*. ¶ 2). Plaintiff states that he filed eleven written disputes between December 2023 and March 2025 but that Trans Union continued to report inaccurate credit history. (*Id*. ¶¶ 3, 10-32). As causes of action, Plaintiff alleges the following: failure to conduct reasonable reinvestigation in violation of 15 United States Code Section 1681i (Count I); failure to maintain maximum possible accuracy in violation of 15 United States Code Section 1681e(b) (Count II); and, willful and/or negligent noncompliance in violation of 15 United States Code Sections 1681n and 1681o (Count III). (*Id*. ¶¶ 33-37).

On April 1, 2026, Trans Union filed the instant Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. First, Trans Union argues that Plaintiff has failed to allege what information Trans Union reported that was not accurate. Second, Trans Union asserts that Plaintiff does not allege any facts in support of his claims that Trans Union failed to investigate his disputes and that Plaintiff even concedes that Trans Union did conduct investigations at his request. Thus, Trans Union requests that its motion be granted with prejudice and that costs, fees, and any other relief the Court deems equitable and just be awarded. Ultimately, Trans Union argues that, even affording Plaintiff leniency as a *pro*

*se* litigant, his Amended Complaint fails to state a claim upon which relief may be granted under

the FCRA.

## II.    Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be

dismissed for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in

the light most favorable to plaintiff and accept all well-pled factual allegations as true.  *League of*

*United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).  A plaintiff can support

a claim "by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 563 (2007).  This standard requires more than bare assertions of

legal conclusions.  *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001).  "[A]

formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

Any claim for relief must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

"Specific facts are not necessary; the statement need only 'give the defendant fair notice of what

the . . . .claim is and the grounds upon which it rests."  *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is

plausible on its face'" to survive a motion to dismiss.  *Twombly*, 550 U.S. at 570.  "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550

U.S. at 556).  "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  A plaintiff with no

3

facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### III.     Proposed Analysis and Conclusions of Law

### a.  Sections 1681e(b) & 1681i

In its Motion to Dismiss, Trans Union argues that an inaccuracy in credit reporting is an essential element of a claim under either Section 1681e(b) or Section 1681i. In support of its arguments, the majority of the cases cited by Trans Union were decided at the summary judgment stage rather than on motion to dismiss. However, this case is not yet at that stage, and Plaintiff's burden is not to prove every element of each of his FCRA claims, but merely to state a plausible

4

claim for relief to be granted. Thus, the question does not center on whether Plaintiff has established a *prima facie* case, but rather whether Plaintiff has alleged sufficient factual basis for his claims.

The sole case cited by Trans Union that was decided at the motion-to-dismiss stage is *Sheretta Bailey v. Equifax Info. Srvs., LLC*, No. 13-10377, 2013 WL 3305710 (E.D. Mich. 2013). In this case, the plaintiff reviewed her credit reports from three credit reporting agencies and believed that she was listed as an authorized user on credit accounts. *Id*. at \*1. Plaintiff alleged that she disputed the information with all three agencies and that, while two corrected it, one did not correct it and did not respond to her. *Id*. Thus, she filed a claim against this agency under Sections 1681e(b), and 1681i for failing to maintain reasonable procedures to assure maximum possible accuracy of the credit reporting information and for failure to conduct reasonable reinvestigation. *Id*. at \*2.

As to Section 1681e(b), the *Bailey* court set forth that it requires consumer reporting agencies to follow reasonable procedures to assure maximum accuracy when preparing a consumer report but that it does not impose strict liability for incorrect information appearing on a credit report. *Id*. at \*4. (citations omitted). The *Bailey* court stated that it must "look to the complaint to determine whether [the plaintiff] has alleged facts that would support a finding of a report that was inaccurate." *Id*. Ultimately, the *Bailey* court determined that Plaintiff, while Plaintiff made conclusory allegations that the report might be inaccurate or misleading, she did not actually allege facts to support that assertion and therefore failed to set forth a claim upon which relief may be granted under Section 1681e(b). *Id*. at \*5.

As to Section 1681i, the *Bailey* court set forth that the FCRA requires that, if a consumer disputes the completeness or accuracy of any item of information with the credit report agency,

the agency must conduct a reasonable reinvestigation to determine whether the disputed information is accurate and to promptly correct it. *Id*. at *6 (citation omitted). The FCRA further requires that the credit reporting agency provide the consumer of the results of the reinvestigation. *Id*. However, upon review of the plaintiff's complaint, the *Bailey* court determined that Plaintiff did not allege how or to what extent the credit reporting agency failed to conduct a reinvestigation or that any of their procedures were unreasonable. *Id*. at *7. Thus, the *Bailey* court held that Plaintiff failed to plausibly set forth a claim upon which relief may be granted under Section 1681i.

Applying the *Bailey* court's reasoning here, Plaintiff has provided even less factual support for her allegations. With respect to the accuracy of Trans Union's reporting, Plaintiff does not identify specific errors contained in them but merely alleges that there are various categories of errors that he believes are contained therein. With respect to their reinvestigation procedures, he does not allege how or to what extent Trans Union did not act reasonably in addressing any disputes. Accordingly, it is RECOMMENDED that Plaintiff's claims pursuant to Sections 1681e(b) and 1681i fail to state claims upon which relief may be granted.

### b. Sections 1681n & 1681o

Plaintiff further alleges violations of 1681n, which governs willful noncompliance with the FCRA requirements, and 1681o, which governs negligent noncompliance. However, as Plaintiff has failed to allege that Trans Union has failed to comply with any provisions of the FCRA, it is RECOMMENDED that these claims likewise fail to state claims upon which relief may be granted.

### c. Trans Union's Request for Attorneys' Fees, Costs, and Equitable Relief

Trans Union has requested that, if its motion is granted, this Court award attorneys' fees, costs, and any equitable relief it deems to be just. However, Trans Union has not provided any

argument or authority for this request.  Accordingly, it is RECOMMENDED that Trans Union's request for attorneys' fees, costs, and equitable relief be DENIED.

## IV.    Conclusion

For the reasons set forth herein, it is RECOMMENDED that Trans Union's Motion to Dismiss Plaintiff's Amended Complaint be GRANTED.

**Signed** this 13th day of July, 2026.

> s/ Charmiane G. Claxton
> CHARMIANE G. CLAXTON
> UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**